**Dated: February 14, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Bruce Dwain Copeland, | ) | Case No. 18-13948-JDL |
| | ) | Ch. 13 |
| Debtor. | ) | |
| | ) | |
| Mark G. Shapiro, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 18-1126-JDL |
| | ) | |
| Bruce Dwain Copeland | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**ORDER DENYING MOTION TO DISMISS**

**I. Introduction**

　　This is an adversary proceeding brought by a state court judgment creditor seeking to have his judgment debt declared non-dischargeable in this proceeding just as it had been in a previous bankruptcy filed by the Debtor Bruce Dwain Copeland ("Copeland"). On the date above written, the above matter came on for consideration upon the *Motion*

*to Dismiss Complaint to Determine Non-Dischargeability of Debt* filed by Copeland on February 13, 2019[1] (the "Motion to Dismiss") [Doc. 10].[2]

## II. Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) as a matter arising under 11 U.S.C. § 523(a).[3]  Pursuant to 28 U.S.C. § 157(b)(2)(I), this action is a core proceeding since it relates to the dischargeability of debts.

## III. Background

### A.  The Allegations of Plaintiff's Amended Complaint

The first four (4) pages of the Plaintiff's seven (7) page *Amended Complaint* sets forth the facts giving rise to Plaintiff's 2002 California state court lawsuit based on intentional interference with contractual relations which resulted in a jury trial judgment against Copeland, including a finding by the jury that Copeland had "engage[d] in the conduct with malice, oppression, or fraud." [Doc. 5].  For the reasons stated below, the underlying facts giving rise to Copeland's actual liability are irrelevant to the issue before this Court.

### B.  The California Bankruptcy

---

[1] Copeland had initially filed his *Motion to Dismiss Complaint to Determine Non-Dischargeability of Debt and Cross-Complaint against Defendant Brian C. Ostler* on January 30, 2019 [Doc. 6].  The Court issued it's Order Striking this motion for Debtor's failure to comply with Local Rules of the Court. [Doc. 8].

[2] References to Docket Entries in this Order refer to the docket in Adversary Case No. 18-1126, unless otherwise noted.

[3] Unless otherwise indicated, all statutory references and citations are to the Bankruptcy Code, Title 11, U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure 1001-9037.

In 2005 Copeland filed bankruptcy in the United States Bankruptcy Court for the Central District of California (Case No. 05-11844).[4] In that bankruptcy proceeding, Plaintiff filed an adversary proceeding seeking to have the state court judgment debt determined non-dischargeable under 11 U.S.C. § 523(a)(6). ("L.A. Adversary") [Adv. No. 05-01505]. Upon Plaintiff's Motion for Summary Judgment, on October 11, 2006, the California Bankruptcy Court entered judgment against Copeland finding that the judgment in the California Superior Court in the amount of $300,248.91 in favor of the Plaintiff and against Copeland was non-dischargeable. [L.A. Adversary, Doc. 61]. Copeland appealed the bankruptcy court's determination of non-dischargeability to the United States District Court for the Central District of California. [Case No. CV-06-5545-FMC]. By Stipulation of the parties the appeal was dismissed on May 8, 2007. [L.A. Adversary, Doc. 72].

On October 20, 2015, Copeland filed a *Motion to Set Aside Judgment* in the California adversary proceeding seeking to set aside the judgment of non-dischargeability which the court had entered in 2006. [L.A. Adversary, Doc. 78]. On February 8, 2016, the

---

[4] This Court is entitled to take judicial notice of both its own docket sheets and other state or federal court docket sheets. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Adams v. Watts,* 2009 WL 5101759 (W.D. OK. 2009) (taking judicial notice of the public records of the District Court of Comanche County available on the Internet); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. OK. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 79 Fed.Appx. 383, 391 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R.Evid. 201).

Reference to facts that are susceptible to judicial notice does not convert a motion to dismiss into a motion for summary judgment. *Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.),* 324 F.3d 12,19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and the court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment.").

Bankruptcy Court entered its *Order Denying Bruce Dwain Copeland's Motion to Set Aside Judgment*. [L.A. Adversary, Doc. 88]. Copeland filed a *Motion to Reconsider* the court's denial of his motion to set aside. [L.A. Adversary, Doc. 91]. On March 10, 2017, the Bankruptcy Court entered its *Order Denying the Motion to Reconsider*. [L.A. Adversary, Doc. 95]. Copeland's appeal to the Bankruptcy Appellate Panel of the Ninth Circuit was dismissed by the BAP on May 23, 2017. (BAP Case No. CC-17-1113) [L.A. Adversary, Doc. 102].

### C. Copeland's Motion to Dismiss

Copeland has filed his *Motion to Dismiss* in the present case pursuant to Fed.R.Civ. P. 12 (b)(6), applicable to bankruptcy proceedings by Rule 7012, on the basis that the Plaintiff's Amended Complaint fails to state a claim for relief to determine his obligation non-dischargeable. Specifically, Copeland asserts that "Plaintiff's complaint appears to attempt to rely on § 523(a)2(A)" which makes non-dischargeable a debt that was obtained by false pretenses, false representation, or actual fraud, but Plaintiff's Complaint "does not explain or even make a slight note of the significance of such allegations in relation to § 523(a)2(A) or any other Bankruptcy Code provision." Copeland's Motion further asserts that rather than stating the essential elements to establish non-dischargeable fraud, "the plaintiff rely (sic) on his State Court cause of action as the only demand for relief...". As discussed below, the Plaintiff's Amended Complaint properly relies upon the judgments entered in the California state court and the California Bankruptcy Court.

### IV. The Standards for a Motion to Dismiss

A motion to dismiss for "failure to state a claim upon which relief can be granted" is

governed by Rule 12(b)(6) of the Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012. The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). In considering a motion to dismiss, the Court must construe a complaint in the light most favorable to the plaintiff, taken as true all factual allegations and making all reasonable inferences in the plaintiff's favor that can be drawn from the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). "That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage." *Higginbottom v. Mid-Del School District, et al.*, 2016 WL 951691 (W.D. Okla. 2016). The Court must not "weigh the potential evidence that the parties might present at trial" in order to test the sufficiency of the complaint. *Sutton v. Utah State School for the Deaf And Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). It is well recognized that "granting a motion to dismiss is a harsh remedy and must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice". *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). In *Twombly*, the Supreme Court ruled that a complaint "does not need detailed factual allegations," but must contain "enough facts to state a claim to relief that is *plausible* on its face." *Id*.(Emphasis added);

In other words, the plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Id*. Thus, in *Twombly*, the Supreme Court formulated a "plausibility standard" for evaluating whether a complaint survives a motion to dismiss. *In re Ward*, 589 B.R. 424, 427 (Bankr. W.D. Okla. 2018).

In applying *Twombly's* "plausibility standard", the Tenth Circuit has held that the standard lies as a middle ground between "heightened fact pleading" and "formulaic recitation of the elements of a cause of action." *Robbins v. Oklahoma, ex rel., Oklahoma Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Cook v. Baca,* 512 Fed.Appx. 810, 821 (10th Cir. 2013)**;** *Lamar v. Boyd,* 508 Fed.Appx. 711 (10th Cir. 2013); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (a complaint must give the court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard. *Twombly*, 550 U.S. at 555; *In re AgFeed USA, LLC*, 546 B.R. 318, 336 (Bankr. D. Del. 2016) (A complaint is insufficient when its allegations simply mirror or parrot the language of the applicable statutory section).

Since a motion to dismiss is judged on the well-pled allegations of a complaint being

accepted as true, the substantive allegations of Plaintiff's Amended Complaint need be examined, and the Court must determine whether the complaint alleges sufficient facts supporting all the elements necessary to establish an entitlement to relief under the claims raised. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

## V. Discussion

As set forth above, in determining whether a Rule 12(b)(6) motion to dismiss should be granted the court must assume as true the allegations of a plaintiff's complaint. Assuming as true the Plaintiff's allegation that the bankruptcy court in California had already entered a final judgment determining that Copeland's debt to the Plaintiff was non-dischargeable,[5] the Motion to Dismiss must be denied. The California bankruptcy court judgment of non-dischargeability is entitled to preclusive effect in this case. In fact, it is entitled to such preclusive effect that it was not even necessary that the Plaintiff seek to obtain a determination of non-dischargeability here once he had obtained the same determination in Copeland's previous bankruptcy.

### A. Claim and Issue Preclusion

This Court uses the terms "claim preclusion" and "issue preclusion" rather than "res judicata" and "collateral estoppel." "Claim preclusion works to preclude relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *In re Hauck*, 466 B.R. 151, 161 (Bankr. D. Colo. 2012).

---

[5] The Court need not "assume" the truthfulness of the allegation that there was a prior determination of non-dischargeability. The Court *knows* as a matter of fact that to be true. The Court has taken judicial notice of and has attached as Appendix 1 to this Opinion a copy of the *Amended Findings of Fact and Conclusions of Law Re Motion for Summary Judgment* entered by the California Bankruptcy Court on October 4, 2006. The California Bankruptcy Court's *Amended Judgment (Nondischargeable)* entered on October 5, 2006, is attached hereto as Appendix 2.

Under [claim preclusion] "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973 (1979). "[Claim preclusion] thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S. Ct. 2205, 2209 (1979); *Wilkes v. Wyoming Department of Employment Division of Labor Standards,* 314 F.3d 501, 503-04 (10th Cir. 2003) *(*"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action."); *Goldsmith v. M. Jackman & Sons, Inc.*, 327 F.2d 184, 185 (10th Cir. 1964) ([claim preclusion] stands for the proposition that "a judgment rendered by a court of competent jurisdiction upon a question involved in one suit is conclusive upon that question in any subsequent litigation between the same parties.  A judgment may be erroneous in law, but if it becomes final it is still binding and conclusive as between the parties on the question involved.").  Claim preclusion generally requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit. *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007); *In re Garland*, 417 B.R. 805, 818 (10th Cir. BAP 2009).

Issue preclusion bars "successive litigation of (1) *an issue of fact or law* (2) *actually litigated and resolved* in a valid court determination (3) *essential* to the prior judgment, even if the issue recurs in the context of a different claim." *In re Zwanziger*, 741 F.3d 74,

77 (10th Cir. 2014) (citing, *Taylor v. Sturgell,* 553 U.S. 880, 892,128 S.Ct. 2161 (2008)). Issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit. *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009). Claim and issue preclusion apply in bankruptcy. *Brown v. Felsen*, 442 U.S. 127, 134-39, 99 S.Ct. 2205 (1979); *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654 (1991).

Just as the California state court judgment had issue preclusive effect in the California bankruptcy adversary proceeding, it is clear that the non-dischargeability judgment in Copeland's prior bankruptcy case in California meets all the requirements for both claim and issue preclusion in this Court. The judgment in question was a "valid and final" judgment for purposes of preclusion. The bankruptcy court had exclusive subject-matter jurisdiction over the issues under § 523(a)(6). Because Copeland was the debtor in that bankruptcy case, the bankruptcy court also had personal jurisdiction. The Plaintiff's claim in the prior bankruptcy adversary case (the dischargeability of Copeland's debt) was identical to the issue presented by Plaintiff's Amended Complaint in the case before this Court. It follows that the judgment entered in Copeland's first bankruptcy case is entitled to have both claim-and issue-preclusive effect here.

Copeland's Motion to Dismiss misses the mark in contending that Plaintiff has failed to allege the essential elements of a claim for non-dischargeability under § 523(a)(2)(A).[6] Plaintiff need not make such allegations. Plaintiff is not "starting from scratch". He already

---

[6] The Court does not know why Copeland has interpreted Plaintiff's claim to be one predicated upon fraud under § 523(a)(2)(A). Plaintiff's judgment of non-dischargeability in the California bankruptcy court was predicated upon "willful and malicious injury by the debtor to another entity" under § 523(a)(6).

has a judgment that Copeland's debt is non-dischargeable. In fact, it was not even necessary that the Plaintiff file this adversary. Section 523(b) states as follows:

> Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section...in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

Section 523(b) has, by every case that has addressed it, been interpreted as follows:

> The rule is that res judicata principles apply in bankruptcy so that once a debt is "excepted from discharge" in a judgment that meets the requirements for preclusion, it is, except for the eight exceptions stated in § 523(b), "excepted from discharge" in all subsequent Chapter 7 cases without need for an independent basis for excepting the debt from discharge in the latter case.
> 
> ****
> 
> The converse of § 523(b)'s language is that 'a debt that was excepted from discharge' on some theory other than the eight enumerated grounds 'in a prior case concerning the debtor under this title is' not dischargeable in the second case. In other words, once nondischargeable, always nondischargeable.
> 
> ****
> 
> This is a straightforward recognition that principles of claim and issue preclusion apply in dischargeability matters.
> 
> ****
> 
> The difficulty with § 523(b) is that it only states the exceptions, thereby requiring that the general rule (of claim or issue preclusion) be inferred by way of negative inference. The reason for this opacity is that the general rule is a rule of basic jurisprudence that does not need a statutory basis. The function of § 523(b) is not to state the rule, but rather to carve out statutory exceptions to the pre-existing and dynamic nonstatutory rule of preclusion.
> 
> ****

> Section 523(a) does not require that a specific basis for nondischargeability exist in the second case. The truth of this proposition is evident from the fact that if such a requirement exists, then § 523(b) would be superfluous because proof of nondischargeability in the second case would always be required.

*In re Paine*, 283 B.R. 33, 37 (9th Cir. BAP 2002); See also *Royal American Oil & Gas Co. v. Szafranski (In re Szafranski),* 147 B.R. 976, 988 (Bankr. N.D. Okla.1992) ("Since the non-dischargeable character of Royal's debt has already been determined, and is preserved from re-determination or subsequent discharge by 11 U.S.C. § 523(b), there is no need for further evidence on the matter.") (holding that a debt excepted from discharge in a prior bankruptcy case based on debtor's fraud remained non-dischargeable in subsequent bankruptcy proceeding); *In re Moncur*, 328 B.R. 183, 189 (9th Cir. BAP 2005) ("The gravamen of § 523(b) is premised on the general rule that once a debt is nondischargeable under any theory not enumerated as an exception in § 523(b), it is always nondischargeable.")(Holding that no need for creditor to file another non-dischargeability proceeding in the second case.); *In re Smith,* 401 B.R. 733 (Bankr. D. Md. 2008); *In re Klasinski* , 215 B.R.181,183 (Bankr. C.D. Ill. 1997) ("It is well-settled that a determination of nondischargeability in one bankruptcy case bars a redetermination of that issue in a subsequent bankruptcy case."); *In re Simpson,* 229 B.R. 419 (Bankr.W.D. Tenn. 1999). Accordingly,

**IT IS ORDERED** that Defendant Bruce Dwain Copeland's *Motion to Dismiss* [Doc. 10] is hereby **Denied**.

# # #